**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, STATE OF FLORIDA
CIRCUIT CIVIL DIVISION**

**HAKIMA BENADDI,**
Individually,

Case No.: 2015-CA-1468-04

      Plaintiff,

v.

**MICHAEL P. JARVIS, Individually,
MICHAEL J'S PIZZARIA, INC.,
D/B/A DOMINO'S PIZZA, a Florida
Corporation, RICHARD TRAENKNER,
Individually, DANIEL GROSSMAN,
Individually, and SNOWBALL PIZZA, INC.,
D/B/A DOMINO'S PIZZA a Florida Corporation.**

      Defendants,
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, HAKIMA BENADDI, individually, and by and through undersigned counsel, brings

this action and complaint for damages and demand for jury trial against Defendants, MICHAEL

P. JARVIS, MICHAEL J'S PIZZARIA, INC. (D/B/A DOMINO'S PIZZA), RICHARD

TRAENKNER, DANIEL GROSSMAN, and SNOWBALL PIZZA, INC., (D/B/A DOMINO'S

PIZZA). Plaintiff brings this claim.

## NATURE OF ACTION

1. This is a civil action brought on behalf of HAKIMA BENADDI, (hereinafter referred to
   as "Plaintiff"), against Michael P. Jarvis and Michael J's Pizzaria, Inc., d/b/a Domino's
   Pizza, Richard Traenkner, Daniel Grossman, and Snowball Pizza, Inc., d/b/a Domino's
   Pizza, Store #3267 located at 45717 Highway 27 N., Davenport, Florida.

1

2. Plaintiff brings these claims for denial of public accommodation under Title II of the
Civil Rights Act of 1964, purposeful discrimination pursuant to 42 U.S.C. §1981, denial
of public accommodations under the Florida Civil Rights Act of 1992, Intentional
Infliction of Emotional Distress, Malicious Prosecution, and Defamation.

**JURISDICTION**

3. Jurisdiction is proper in this court pursuant to Fla. Stat. §34.01 and Fla. Stat. 26.102,
because the matter in controversy exceeds the sum of $15,000.

**VENUE**

4. Venue is proper in the Tenth (10th) Judicial Circuit Court of Florida, pursuant to Fla.
Stat. §47.011 and Fla. Stat. §47.051, because the cause of action accrued in Polk County,
and the amount in controversy is in excess of fifteen thousand dollars ($15,000.00). As
such, filing of this complaint is required in the Circuit Court, as opposed to the County
Court.

**PARTIES**

5. Plaintiff is a Muslim woman of Arab and Moroccan descent. Plaintiff is resident of the
state of Florida, with her principal residence in Davenport, Polk County, Florida.

6. Defendant Michael P. Jarvis is a resident of Florida, with his principal residence in
Winter Haven, Polk County, Florida.

7. Defendant, Richard Traenkner, is a resident of Florida, with his principal residence in
Kissimmee, Osceola County, Florida.

8. Defendant, Daniel Grossman, is a resident of Florida, with his principal residence in
Cooper City, Broward County, Florida.

2

9. Defendant, Michael P. Jarvis owned Michael J's Pizzaria, Inc. d/b/a Domino's Pizza, Store #3267 on July 27, 2012. Michael J's Pizzaria, Inc. is a Florida Corporations with a principal place of business in Polk County.

10. At some point after July 27, 2012, , Michael P. Jarvis sold Michael J's Pizzaria, Inc. to Snowball Pizza, Inc. registered to Richard Traenkner and Daniel Grossman.

11. Snowball Pizza, Inc. is a Florida Corporations with a principal place of business in Polk County.

12. Snowball Pizza, Inc., assumed the operation and ownership of the Domino's Pizza, Store #3267.

13. Through the sales transactions Snowball Pizza, Inc. assumed the obligations of Michael J's Pizzaria, Inc. or was a mere continuation of Michael J's Pizzaria, Inc. and is therefore liable as Successor Corporation.

14. Defendants Michael P. Jarvis, Richard Traenkner, Daniel Grossman, Michael J's Pizzaria, Inc. and Snowball Pizza, Inc., d/b/a Domino's Pizza #3267, are herein collectively known as "Domino's."

15. The acts and omissions alleged against Domino's were performed by the employees of Domino's store #3267, located at 45717 Highway 27 N., Davenport, Florida.

## FACTUAL BACKGROUND

16. At all times prior to July 27, 2012, Plaintiff was a regular customer of Domino's and never wore the hijab to Domino's.

17. On July 27, 2012, Plaintiff, a pregnant Moroccan-Muslim woman, and her twenty-three month old daughter went to Domino's to order a vegetarian pizza.

3

18. While at Domino's, Plaintiff asked the cashier, Iesha Williams (hereinafter "Williams"), what toppings would be on the pizza, and was informed that it would come with all the vegetables that were available on the menu.

19. When the Plaintiff returned home, she discovered that the pizza was grossly inadequate. The pizza was missing crust and sauce in some places, the shape of the pizza was deformed, and many of the vegetables that were available on the menu, as mentioned by Williams, were missing. The only toppings on the pizza were mushrooms, tomato, and onions, all of which were improperly distributed.

20. Plaintiff called Domino's to complain when she noticed the inadequacy of the pizza. Employee, Andre Frazier (hereinafter "Frazier") answered the phone and received the Plaintiff's first complaint. After her phone complaint to Frazier, Plaintiff physically returned to Domino's with her daughter.

21. Three Domino's employees were present when the Plaintiff returned to Domino's: Williams, Frazier, and Store Manager Whitney Jessica Green (hereinafter "Green").

22. Plaintiff and her daughter were ignored for a substantial amount of time when they returned to the store. When Plaintiff's presence was acknowledged, she stated that she wanted to return the pizza because it was missing toppings and was otherwise inadequate.

23. Instead of honoring Domino's "Satisfaction Guarantee," the employees responded that there was nothing wrong with the pizza. Plaintiff repeated her complaint about the missing toppings on the pizza.

24. The employees argued that those toppings did not come with the type of pizza that she ordered. Plaintiff explained that at the time of purchase, Williams had told her that the

4

pizza came with all those toppings. Williams responded by looking and laughing at the Plaintiff.

25. The employees at Domino's did not offer the Plaintiff a refund for the pizza. In response to her mistreatment, the Plaintiff stated that, "Because I am not American, for that reason you made the pizza like that."

26. Williams continued to look and laugh at Plaintiff. In response to Williams' laughter, Plaintiff said, "You, with the glasses, I am going to complain against you!" Plaintiff then told the employees, "You can keep your pizza" and left the store without making any other statements.

27. Later that evening, the Polk County Sheriff's Office responded to a call placed from Domino's.

28. At or about 12:00 a.m., Polk County Sheriff's Office went to the Plaintiff's residence and arrested her for threatening to discharge an explosive device under F.S. § 790.162, which is a second degree felony.

29. The police report, attached as Exhibit A, states that there was a finding of probable cause for the violation of F.S. § 790.162 based on the testimony of Store Manger Green, claiming that Plaintiff made an alleged statement over the phone that she "was going to blow the place up" to Frazier.

30. In addition, Green told police that while at Domino's, Plaintiff said "It's because you're American and I am Muslim ... I'm going to come back with a bomb. I'll blow you all up, especially you with the glasses [presumably to Williams who was present at the counter]."

31. In retaliation to Plaintiff's complaint for poor service, Green lied to the police in order to file false charges against the Plaintiff. Green relied upon her knowledge of stereotypes

5

against the Plaintiff's ethnicity and religion as the basis for the false charges that she reported.

32. Polk County Sheriff's Office relied on this information from Store Manager Green. Plaintiff was arrested as a direct result of the false claims and discriminatory statements that were made by Green.

33. Domino's employee, Williams, originally told Polk County Sheriff's Office during their initial investigation that she *did not hear* the Plaintiff threaten to blow up the Domino's store.

34. On or about July 30, 2012, Domino's employees Williams and Frazier admitted to Polk County Sheriff's Office that the Plaintiff had never made any threats to harm the store or the employees within, as evidenced in the police report's witness statements. See Exhibit B.

35. Upon review of the inconsistent witness statements that were made by the Domino's employees, the Polk County State Attorney declined to press charges, resulting in a no bill. See the Certificate of Discharge of Bond and the Order of Expungement attached as Exhibit C.

36. The above is a result of Domino's intentional discrimination against Plaintiff because of her race, religion and national origin.

37. Plaintiff suffered physical and extreme emotional distress as a result of the incident and had to seek medical treatment.

38. As a result of these false accusations and subsequent arrest, Plaintiff lost employment opportunities.

6

39. Prior to the filing of this Complaint, Domino's was given the opportunity to amicably resolve this matter without the need to petition the court.  Domino's failed to respond to any communications to amicably resolve the matter.

## CAUSES OF ACTION

## COUNT I: DENIAL OF PUBLIC ACCOMMODATIONS UNDER TITLE II OF THE CIVIL RIGHTS ACT OF 1964

40. The allegations in paragraphs 1-39 are incorporated as if re-alleged herein.

41. Plaintiff brings this claim against Domino's for denying her of all the benefits and enjoyments of public accommodation. Plaintiff attempted to afford herself the benefit and enjoyment of the services offered in the form of pizza at the Domino's pizza chain, and was denied those benefits when Domino's employees, with discriminatory intent, purposefully made Plaintiff's pizza below the standard expected by ordinary customers.

42. Domino's employees further denied the Plaintiff's enjoyment of their service by failing to appropriately address Plaintiff's complaint, and instead humiliating the Plaintiff by laughing at her complaint in the presence of other customers, and by using a discriminatory stereotype to make a false police report resulting in the Plaintiff's arrest.

## COUNT II: PURPOSEFUL DISCRIMINATION DURING ENFORCEMENT OF A CONTRACT PURSUANT TO 42 U.S.C. § 1981

43. The allegations in paragraphs 1-39 are incorporated as if re-alleged herein.

44. The actions of Domino's as alleged above had the purpose and effect of denying Plaintiff the same rights to make and enforce contracts as in enjoyed by white citizens in violation of Plaintiff's rights under 42 U.S.C. § 1981.

7

45. The actions of Domino's alleged above were intentionally and purposefully done to Plaintiff because of her race and ancestry.

46. As a direct, natural, proximate, and foreseeable result of Domino's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary losses.

47. The actions of Domino's are in willful and wonton disregard for the rights of the Plaintiff so as to entitle Plaintiff to an award of punitive damages against Domino's to punish it for its conduct and to deter it and others from such conduct in the future.

48. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988.

49. Plaintiff, having been discriminated against by Domino's and having suffered irreparable harm for which there is no proper, adequate or complete remedy.

## COUNT III: DENIAL OF PUBLIC ACCOMMODATIONS UNDER THE FLORIDA CIVIL RIGHTS ACT OF 1992

50. The allegations in paragraphs 1-39 are incorporated as if re-alleged herein.

51. Plaintiff attempted to afford herself the benefit and enjoyment of the services offered at the Domino's pizza chain and was denied those benefits.

52. Plaintiff brings this claim against Domino's for denying her of all the benefits and enjoyments of public accommodation. Plaintiff attempted to afford herself the benefit and enjoyment of the services offered in the form of pizza at the Domino's pizza chain, and was denied those benefits when Domino's employees, with discriminatory intent, purposefully made Plaintiff's pizza below the standard expected by ordinary customers.

53. Domino's employees further denied the Plaintiff's enjoyment of their service by failing to appropriately address Plaintiff's complaint, and instead humiliating the Plaintiff by

8

laughing at her complaint in the presence of other customers, and by using a

discriminatory stereotype to make a false police report resulting in the Plaintiff's arrest.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. The allegations in paragraphs 1-39 are incorporated as if re-alleged herein.

55. Domino's discriminatory conduct was intentional and reckless. The employees acted in a

    way in which they knew or should have known that emotional distress would likely

    result.

56. Domino's employees falsely accused the Plaintiff of threatening to discharge an

    explosive device in order to cause the Plaintiff emotional harm. This conduct was

    outrageous and beyond all bounds of decency, being utterly intolerable in a civilized

    community.

57. As a result of the false police report, the Plaintiff was arrested at her home at 12:00 a.m.,

    which combined with her pregnancy, caused her to experience physical and extreme

    emotional distress.

## COUNT V: MALICIOUS PROSECUTION

58. The allegations in paragraphs 1-39 are incorporated as if re-alleged herein.

59. Domino's, with malice, reported a false allegation to police.

60. A criminal judicial proceeding was commenced against the Plaintiff as a result of the

    accusations made by Domino's. Plaintiff was arrested and jailed as a direct and proximate

    result of the false statements and discriminatory acts of the Domino's employees.

61. The prosecutor ultimately declined to press charges because of conflicting witness

    statements, which resulted in no bill, a bona fide termination in favor of Plaintiff.

9

62. Because of the arrest, Plaintiff suffered severe mental anguish, and as a result of these
false accusations and subsequent arrest, Plaintiff lost employment opportunities

## COUNT VI: DEFAMATION

63. The allegations in paragraphs 1-39 are incorporated as if re-alleged herein.

64. Domino's knowingly communicated, thereby publishing, a false statement to a third
party, that third party being a police officer.

65. The false statement published by Domino's was of or concerning the Plaintiff.

66. The false statement published by Domino's, that Plaintiff had threatened to blow up the
store, was indeed false.

67. The false statement communicated to the police officer resulted in a criminal offense
amounting to a felony.

68. The false statement published by Domino's was further published in a false written police
report made at the behest of Domino's.

69. Domino's negligently published this false statement and subsequent written false police
report without reasonable care to determine its falsity.

70. Domino's knowingly published this false statement and subsequent written false police
report with reckless disregard for truth.

71. The false statement published by Domino's, and subsequent written false police report,
caused personal humiliation, mental anguish, loss of employment opportunities, and
irreparable harm to Plaintiff's reputation.

72. The false statement published by Domino's, and subsequent written false police report,
made the Plaintiff the object of hatred, distrust, ridicule, contempt, and disgrace to a
substantial and respectable part of the community.

10

73. The false statement published by Domino's, and subsequent written false police report, caused the Plaintiff to suffer injury to her personal, social, official, and business relations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Hakima Benaddi, respectfully requests judgment against Domino's as follows:

A.      For appropriate declaratory relief against the unlawful discriminatory acts and practices of Domino's;

B.      For appropriate compensatory damages in an amount to be determined at trial;

C.      For appropriate equitable relief against all Defendants, as allowed by law;

D.      For an award of reasonable attorney's fees; and

E.      For such other and further relief to which Plaintiff may be entitled.

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,

/s/ Thania Diaz Clevenger
THANIA DIAZ CLEVENGER
Florida Bar No. 97301
COUNCIL FOR AMERICAN-
ISLAMIC RELATIONS FLORIDA
8076 N. 56th Street
Tampa, FL 33617
Telephone: (813)514-1414
Fax: (813)987-2400
Email: tclevenger@cair.com