```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

HAKIMA BENADDI,

    Plaintiff,

v.                                Case No. 8:15-cv-2143-T-33TGW

MICHAEL P. JARVIS, Individually,
and MICHAEL J'S PIZZARIA, INC.,
D/B/A DOMINO'S PIZZA, a Florida
Corporation,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants Michael P. Jarvis and Michael J's Pizzaria, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)(Doc. # 41), which was filed on April 22, 2016. Plaintiff Hakima Benaddi filed a response in opposition to the Motion on June 11, 2016. (Doc. # 44). For the reasons stated herein, the Court grants the motion in part by dismissing Benaddi's federal claims and remanding her state law claims to Tenth Judicial Circuit, in and for Polk County, Florida, in this removed case.

**I.   Background**

On July 27, 2012, Benaddi and her twenty-three month old daughter went to Michael J's Pizzaria to order a vegetarian

pizza. (Doc. # 36 at ¶ 16). When Benaddi returned home, she discovered that the pizza was "grossly inadequate". (Id. at ¶ 19). Benaddi then called Michael J's Pizzaria to complain, but no remedial action was taken by the employee who answered Benaddi's telephone call. (Id. at ¶ 20). Afterwards, Benaddi returned to Michael J's Pizzaria with her daughter to voice her complaint in person. Id. Benaddi claims that she and her daughter were ignored for a substantial period of time and when Benaddi's presence was finally acknowledged, she stated that she wanted to return the pizza because it was missing toppings and was inadequate. (Id. at ¶ 22). The employees of Michael J's Pizzaria responded that nothing was wrong with the pizza and that the toppings that Benaddi referred to did not come with the type of pizza that she ordered. (Id. at ¶¶ 23-24). The employees did not offer Benaddi a refund and one of the employees was laughing at Benaddi. (Id. at ¶¶ 25-26). Benaddi then told the employees, "You can keep your pizza" and left the store without making any other statements. (Id. at ¶ 26).

Later that evening, responding to a call placed from Michael J's Pizzaria, Polk County Sheriff's Office went to Benaddi's residence and arrested her for threatening to discharge an explosive device. (Id. at ¶¶ 28-29). The police

report states that there was a finding of probable cause for the arrest based on the testimony of a Michael J's Pizzaria employee, claiming that Benaddi made an alleged statement over the phone that she "was going to blow the place up". (Id. at ¶ 30). Upon review of the inconsistent witness statements that were made by Michael J's Pizzaria's employees, the Polk County State Attorney declined to press charges, "resulting in a no bill." (Id. at ¶ 38).

Benaddi initiated this action in state court on August 10, 2015, against Defendants Michael P. Jarvis, Michael J's Pizzaria, Inc., Richard Traenkner, Daniel Grossman, and Snowball Pizza, Inc. (Doc. ## 1 at ¶ 1; 2). Benaddi's First Amended Complaint, which was filed when the action was still pending in state court, brought the following six counts:

  I. Denial of Public Accommodations under Title II of the Civil Rights Act of 1964;
  II. Purposeful Discrimination during Enforcement of a Contract pursuant to 42 U.S.C. § 1981;
  III. Denial of Public Accommodations under the Florida Civil Rights Act of 1992;
  IV. Intentional Infliction of Emotional Distress;
  V. Malicious Prosecution; and
  VI. Defamation

(Doc. # 2).

On September 15, 2015, Defendants removed the case to this Court predicating jurisdiction on the presentation of a federal question. (Doc. # 1). Michael P. Jarvis and Michael

J's Pizzaria, Inc. then filed a Motion to Dismiss. (Doc. # 14). Before the Court could rule on Jarvis and Michael J's Pizzaria's Motion to Dismiss, Benaddi voluntarily dismissed her claims against Traenkner, Grossman, and Snowball Pizza. (Doc. # 20). After holding a hearing on February 8, 2016, the Court granted the initial Motion to Dismiss as to Counts I-III, denied the Motion to Dismiss as to Counts IV-VI, and granted Benaddi leave to amend. (Doc. # 35). Benaddi timely filed her Second Amended Complaint on March 8, 2016. (Doc. # 36). The Second Amended Complaint brings the same claims as asserted in the First Amended Complaint. (Doc. # 36 at 7-11).

Jarvis and Michael J's Pizzaria now move to dismiss the Second Amended Complaint. Specifically, they argue that Benaddi's Second Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), because she has failed to state a claim upon which relief can be granted in each of the six counts alleged. (Doc. # 41 at 5). In her response, Benaddi counters that she has "sufficiently stated claims to withstand a dismissal under Rule 12(b)(6)." (Doc. # 44 at 1).

**II. Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the

4

light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## III. Analysis

### A. Count I

Title II of the Federal Civil Rights Act of 1964 states, "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). The elements that must be established for a Title II claim are:

> (1) [plaintiff] is a member of a protected class; (2) [plaintiff] attempted to contract for services and to afford himself the full benefit and enjoyment of a public accommodation; (3) [plaintiff] was denied the right to contract for those services and, thus, was denied those benefits and enjoyments; and (4) similarly situated persons who are not members of the protected class received full benefits or enjoyment, or were treated better.

Hunafa v. Silwad, No. 8:12-cv-311-T-33TBM, 2012 WL 1945982, at *2 (M.D. Fla. May 10, 2012), adopted by Hunafa v. Silwad, No. 8:12-cv-311-T-33TBM, 2012 WL 1947098, at *1 (M.D. Fla. May 30, 2012); see also Robinson v. Power Pizza, Inc., 993 F. Supp. 1462, 1465 (M.D. Fla. 1998) ("A prima facie case is established when the protected class [is] denied a service rendered to those falling outside of the class.").

6

Benaddi has sufficiently pled the first element of a Title II claim by alleging in the Second Amended Complaint that she is a "Muslim woman of Arab and Moroccan descent." (Doc. # 36 at 2). As to the second element, Benaddi has adequately pled that Michael J's Pizzaria is a place of public accommodation and that she attempted to contract for services when she ordered a pizza at the store. (Id. at 3).

With regards to the third element, Benaddi fails to establish that she was denied the right to contract for that service and, thus, was denied benefits or enjoyments. In fact, Benaddi successfully ordered, paid for, and received a pizza from Michael J's Pizzaria. (Id. at 3-4). That she was personally displeased with the pizza that she obtained is of no consequence.

Furthermore, the fourth element necessary for a cause of action has not been satisfied. The fourth element requires that "similarly situated persons who are not members of the protected class . . . were treated better." Hunafa, No. 8:12-cv-311-T-33TBM, at *2. Nowhere in Benaddi's Complaint does she point to a comparator (i.e. a similarly situated person not in the protected class who was treated better). In Benaddi's Second Amended Complaint, she alleges "other non-Arab and non-Muslim customers received services from [Michael

7

J's Pizzaria], but were not treated in the hostile discriminatory manner experienced by [her]." (Doc. # 36 at ¶ 47). This is not enough to sufficiently plead the fourth element required for a Title II claim because Benaddi's allegation resembles threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. And under Ashcroft, 556 U.S. at 678, this does not suffice. Therefore, the Motion is granted as to Count I.

**B. Count II**

Title 42 U.S.C. § 1981 grants every person the same right to "make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). "[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." § 1981(b). The elements that must be pled for a § 1981 claim are "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." Kinnon v. Arcoub, Gopman & Assocs., Inc., 490 F.3d 886, 891 (11th Cir. 2007).

To successfully plead the second element, a Plaintiff may present either direct evidence of racial animus or, if no such evidence exists, circumstantial evidence may be used to support an inference of discriminatory intent. Allen v. CLP Corp., 460 Fed. Appx. 845, 847-48 (11th Cir. 2012). With respect to the third element, "one or more of the activities enumerated in the statute" refers to making and enforcing contracts. Jackson, 372 F.3d at 1270. Also, "the plaintiff must demonstrate the loss of an actual . . . contract interest." Kinnon, 490 F.3d at 892 (internal quotations omitted).

Benaddi has sufficiently pled the first element of a § 1981 claim by alleging in the Second Amended Complaint that she is a "Muslim woman of Arab and Moroccan descent." (Doc. # 36 at 2). As to the second element, Benaddi states that "[t]he actions of [Jarvis and Michael J's Pizzaria] alleged above were intentionally and purposefully done to Plaintiff because of her race and ancestry . . . ." (Id. at ¶ 51). These allegations are threadbare recitals of the elements of a cause of action, supported by conclusory statements and, thus, not acceptable according to Ashcroft. 556 U.S. at 678. Benaddi does not point to specific actions of Jarvis and Michael J's Pizzaria that were intentionally discriminatory based on her

9

race, other than the false police report that was filed after the contract was terminated. (Doc. # 36 at ¶ 29-33). Presently, the allegations amount to complaints of poor service.

Furthermore, Benaddi attempts to plead circumstantial evidence that Jarvis and Michael J's Pizzaria acted intentionally to discriminate based on her race. She states, "[t]he actions of [Jarvis and Michael J's Pizzaria] as alleged above had the purpose and effect of denying Plaintiff the same rights to make and enforce contracts as are enjoyed by white, non-Arab citizens in violation of Plaintiff's rights . . . ." (Doc. # 36 at ¶ 51). These allegations are not enough to raise a right to relief above the speculative level and, additionally, are only legal conclusions couched as factual allegations. The police report filed by Green that stated Benaddi threatened to blow up the Domino's store could be inferred as discriminatory, but this was filed later that day, and after the contract had been completed. (Id. at 5).

The third element, that the discrimination concerned the making and enforcing of contracts, is also not sufficiently pled. Benaddi contracted for and received pizza from Domino's, albeit one that was not satisfactory to her. (Id. at 3, 4, 5). Because Benaddi failed to allege sufficient facts

10

as to the second and third elements, this Court grants the Motion as to Count II.

### C. Counts III, IV, V, VI

Because the Court has dismissed the federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims and remands those claims to state court. See Hicks v. Moore, 422 F.3d 1246, 1255 n.8 (11th Cir. 2005) ("We allow the district court to exercise its discretion, under the *Gibbs* doctrine, to decide whether or not to consider Plaintiff's state-law claims . . . ."). See Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997)("State courts, not federal courts, should be the final arbiters of state law."); Holder v. Gualtieri, No. 8:14-cv-3052-T-33TGW, 2016 U.S. Dist. LEXIS 57382, at *38 (M.D. Fla. Apr. 29, 2016)("principles of judicial economy, fairness, convenience, and comity weigh in favor of having [a plaintiff's state law claims] decided by a state court.").

And, "[w]here an action originates in state court and is later removed to federal court, . . . district courts should remand to state court the state claims over which they decline to exercise jurisdiction." McDuffie v. Broward Cty., No. 15-14416, 2016 U.S. App. LEXIS 9539, at *6-7 (11th Cir. May 25, 2016). See also Cook ex rel. Estate of Tessier v. Sheriff of

Monroe Cty., Fla., 402 F.3d 1092, 1123 (11th Cir. 2005)("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, Cook's remaining claim should be remanded to state court.").

The Court accordingly directs the Clerk to remand the state law claims contained in Counts III- VI to Tenth Judicial Circuit, in and for Polk County, Florida, because this is a removed action.  Thereafter, the Clerk shall close the case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Michael P. Jarvis and Michael J's Pizzaria, Inc.'s Motion to Dismiss (Doc. # 41) is **GRANTED** to the extent set forth herein.

(2) Counts I and II are dismissed.

(3) The Court declines to exercise supplemental jurisdiction as to the state law claims. Accordingly, Counts III, IV, V, and VI are remanded to the Tenth Judicial Circuit, in and for Polk County, Florida.

(4) After remand has been effected, the Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida this <u>7th</u> day of July, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE